CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
XKe
JUN 0 6 2006
JOHN F. CORCORAN, CLERK
BY: HMcIDovgfd
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. BARRETT, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06cv00320 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SOUTHWEST VIRGINIA | ) | |
| REGIONAL JAIL, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Christopher, a Virginia inmate proceeding pro se, brings this action under the

Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Barrett

alleges that the defendants failed to provide him with adequate medical care in violation of the

Eighth Amendment. Barrett seeks $250,000 in damages and his immediate release from prison.

Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief

can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. §

1915A(b)(1).[1]

I.

Barrett alleges that on April 22, 2006, he hurt his left ankle, it became swollen and bruised,

and he believes it was broken. Barrett immediately complained to correctional officers that he had

injured his ankle, but was not seen by the institutional nurse until "pill call" the following morning.

Barrett was referred to the institutional physician for further treatment and was examined by

---

[1]Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable
if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be
granted.

1

defendant, Dr. Ofogh on April 25, 2006. However, Dr. Ofogh determined that neither his foot nor

ankle were broken, and directed Barrett to take an over the counter pain medication and ice the area.

Barrett complains that the defendants should have responded more promptly to his complaint of

injury and that Dr. Ofogh should have x-rayed his foot and ankle to determine if it was broken.


## II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment,

a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical

need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff

must present facts to evince that the defendants had actual knowledge of and disregard for an

objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v.

Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate

and medical personnel over diagnosis or course of treatment and allegations of malpractice or

negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment.

Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an

inmate is not entitled to unqualified access to health care, rather the right to medical treatment is

limited to that treatment which is medically necessary and not to "that which may be considered

merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Although Barrett

complains that institutional staff failed to respond promptly to his complaint of injury or order x-rays

to determine if his foot or ankle was broken, he admits that he has been examined and treated by

medical staff the morning after he first complained of injury and was extensively examined by the

institutional physician two days later. Further, although he may be dissatisfied with Dr. Ofogh's

2

diagnosis method or prescribed treatment plan, this amounts to nothing more than a disagreement between medical staff and an inmate as to proper diagnostic methods and a course of treatment, which are not actionable under the Eighth Amendment.

Additionally, to the extent that Barrett believes that the institutional physician or other medical staff have failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

## III.

Based on the foregoing, I find that Barrett has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This _6th_ day of June, 2006.

Senior United States District Judge

3